## Jennings *v.* Bloomfield, Appellant.

*Vendor and vendee—Deed—Recital in deed—Oil lease—Notice.*

Where a deed contains a recital of an "oil lease" the grantee must be held to notice of a prior grant of the right to the oil in the land purchased by him.

*Vendor and vendee—Lunacy—Declaration by committee—Unrecorded deed—Notice.*

The mere declaration by the committee of a lunatic that the lunatic has no interest in the land conveyed to him by an unrecorded deed, cannot operate to deprive the lunatic of his interest in the land in favor of a subsequent purchaser to whom the declaration was made.

Argued Oct. 16, 1902. Appeal, No. 31, Oct. T., 1902, by defendant, from judgment of C. P. Forest Co., May T., 1899, No. 20, on verdict for plaintiff in case of H. J. Jennings, Committee of J. B. Jennings, v. W. J. Bloomfield, E. Pequignot, A. J. Carnahan and M. S. Carnahan. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for land in Harmony township. Before Lindsey, P. J.

The facts appear by the report of Jennings v. Bloomfield, 199 Pa. 638.

Verdict and judgment for plaintiff.  Defendants appealed.

*Errors assigned* were various rulings on evidence, and various instructions.

*C. Heydrick* and *D. I. Ball,* with them *T. F. Ritchey,* for appellant.

*W. E. Rice,* with him *W. D. Hinckley,* for appellee.

PER CURIAM, November 3, 1902:

The opinion filed by the court when the case was here before, see 199 Pa. 638, disposes of all the questions now raised.  The judgment is affirmed.